IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WM. WRIGLEY JR. COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06 C 941 |
| | ) | |
| CADBURY ADAMS USA LLC | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Cadbury Adams USA LLC's ("Cadbury") motion for a more definite statement and a motion in the alternative to dismiss Counts I, II, VII and VIII. For the reasons stated below, we grant in part and deny in part the motion for a more definite statement and deny the motion to dismiss.

## BACKGROUND

Plaintiff WM. Wrigley Jr. Company ("Wrigley") alleges in its second amended complaint that Wrigley has invested hundreds of millions of dollars in developing its various gum lines and packaging for those lines. Wrigley asserts that when it introduced its Orbit gum line in 2001, Cadbury began losing a significant

1

market share in the gum market. According to Wrigley, in order to recover its loss of the market, Cadbury has released a line of gum called Stride and that the packaging and presentation of the Stride gum line and Cadbury's new packaging of Trident E-Z Close Packs, and DENTYNE Soft Chew Packs mirrors the packaging of Wrigley's Orbit gum line. Wrigley brought the instant action alleging a federal unfair competition claim (Count I), a trademark infringement claim based on the Stride line (Count II), a trade dress infringement claim based on the Stride line (Count III), a trade dress infringement claim based on the Trident line (Count IV), a trade dress infringement claim based on the DENTYNE line (Count V), a trademark infringement claim based on the Trident line (Count VI), a common law unfair competition claim (Count VII), and an Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"), 815 ILCS § 501/1 *et seq.*, claim (Count VIII). Cadbury has moved for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) ("Rule 12(e)") and Cadbury moves in the alternative to dismiss Counts I, II, VII and VIII.

## LEGAL STANDARD

Rule 12(e) provides the following:

If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired . . . .

Fed. R. Civ. P. 12 (e).

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail . . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief"). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action . . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses

3

are consistent with the complaint" and that "[m]atching facts against legal elements comes later").

The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

Cadbury contends that the second amended complaint does not contain a clear statement of the trademark that Wrigley alleges was infringed upon in Count II. Cadbury also contends that Wrigley has not provided a clear basis for the federal and common law unfair competition claims or the IUDTPA claim.

I. Trademark Infringement Claim (Count II)

Cadbury contends that the allegations concerning the alleged trademark

infringement in Count II are ambiguous. The second amended complaint includes references to US Trademark Registration 2,617,873 ("873 Registration"), which is allegedly owned by Wrigley and also makes references to common law rights possessed by Wrigley. (SA Compl. Par. 14). Cadbury argues that the "scope and direction of the action will change dramatically based on whether Wrigley is asserting infringement of the 873 Registration or the common law rights." (Mem. 3). Wrigley responds by asserting that it has provided sufficient details to plead a claim in Count I based upon an infringement of the 873 Registration. (Ans. 3-4). However, Wrigley's answer fails to provide any explanation for the vague assertion in the second amended complaint after the reference to the 873 Registration that Wrigley "also owns common law rights." (SA Compl. Par. 14). Such a statement is confusing and Cadbury should not be required to proceed onward in these proceedings absent a clearer statement of the basis of the claims being brought against it. Such clarity is also essential to prevent any unfair surprises to Cadbury should Wrigley choose to pursue a claim based on the "common law rights" later in these proceedings. Also, Cadbury is entitled to such clarity in order to determine if it will exercise its right to seek a dismissal of the trademark infringement claim at the pleadings stage. Wrigley must do more than assert that Cadbury is infringing on some unspecified trademark. Wrigley must clearly identify the core basis of the trademark infringement claim by making clear what trademark or trademarks are allegedly being infringed upon by Cadbury. Therefore, we grant Cadbury's motion

for a more definite statement in regard to the trademark infringement claim in Count II. The motion to dismiss the trademark infringement claims is denied as moot.

II. Unfair Competition Claims and IUDTPA Claim

Cadbury argues that the allegations relating to the federal and common law unfair competition claims are unclear. The federal unfair competition claim is codified in 15 U.S.C. § 1125 (a), which provides:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> (A) *is likely to cause confusion, or to cause mistake, or to deceive* as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125 (a)(emphasis added). Unfair competition claims brought under Illinois law and IUDTPA claims are reviewed under the same analysis that is employed for a Lanham Act trademark infringement claim. *Trans Union LLC v. Credit Research, Inc.,* 142 F.Supp.2d 1029, 1038 (N.D. Ill. 2001).

In the instant action, in support of the unfair competition claims and the

IUDTPA claim, Wrigley alleges that Cadbury has made "false designations of origin and false or misleading descriptions or representations of fact which are likely to cause confusion . . . ." (SA Compl. Par. 30). Cadbury contends that Wrigley has not indicated exactly what misrepresentations were made by Cadbury. However, it is sufficiently clear, based on the allegations in the second amended complaint, that Wrigley is basing its assertions of confusion and misleading conduct on the allegations that Cadbury is selling products in packages that are similar to the packaging of Wrigley's products. Wrigley contends that the similar packaging used by Cadbury is misleading consumers into believing that the products originated with Wrigley or that Wrigley approves or endorses Cadbury's products. Wrigley affirms this conclusion in its answer to the instant motion. (Ans. 4). Wrigley has met its pleading burden under the federal notice pleading standard and the various details that Cadbury seeks in its motion concerning the allegedly misleading conduct can be obtained during the course of discovery. Cadbury also presents conclusory arguments regarding whether Wrigley has a protectable trademark and whether Wrigley has shown that the alleged misrepresentations could lead to consumer confusion. (Mem. 6). However, such arguments go beyond an analysis of the sufficiency of the pleadings and are thus premature at this juncture.

Cadbury also seeks a dismissal of the common law claims because Wrigley has not specified in the complaint which state's law controls in regards to the common law claims. However, the assessment of the controlling state law is a legal

7

determination that should not be addressed in a complaint. Under the federal notice pleading standard, plaintiffs are not required to plead the law supporting their claims. *See Slaney v. The Intern. Amateur Athletic Fed'n*, 244 F.3d 580, 600 (7th Cir. 2001)(stating that "plaintiffs are not required to plead legal theories"). We note that regardless, Wrigley has made it clear in its answer to the instant motion that it believes Illinois law is the controlling law in regard to its common law claims in this action. (Ans. 5).

Cadbury also moves to dismiss the IUDTPA claim, contending that the common law unfair competition claim and the IUDTPA claim are redundant claims because the IUDTPA is a codification of the common law unfair competition cause of action. However, Cadbury has not shown that the two claims cannot co-exist as distinct claims in an action. *See, e.g., Trans Union LLC*, 142 F.Supp.2d at 1038 (recognizing the two types of claims as distinct claims). The Seventh Circuit has indicated that the two types of claims are evaluated under the same analysis, but has not barred a plaintiff from pursuing both types of claims. *See McGraw-Edison Co. v. Walt Disney Productions*, 787 F.2d 1163, 1174 (7th Cir. 1986)(stating that the court did not need to address the common law unfair competition claim "separately as the Illinois Deceptive Trade Practices Act . . . is merely a codification of the Illinois common law of unfair competition"). The only case cited by Cadbury in support of its position is *Vincent v. City of Chicago*, 2005 WL 818410 (N.D. Ill. 2005). (Mem. 7). However, the court in *Vincent* did not dismiss a common law

unfair competition claim as redundant. The court in *Vincent* merely indicated, as the court did in *McGraw*, that the two types of claims need not be addressed in a separate analysis. *Id.* at *3. Therefore, based on the above, we deny the motion for a more definite statement regarding the federal and common law unfair competition claims and the IUDTPA claim, and deny the motion in the alternative to dismiss those claims.

## CONCLUSION

Based on the foregoing analysis, we grant Cadbury's motion for a more definite statement in regard to the trademark infringement claim in Count II and deny as moot the motion in the alternative to dismiss the trademark infringement claim. We also deny Cadbury's motion for a more definite statement in regard to the federal and state unfair competition claims and the IUDTPA claim, and deny the motion in the alternative to dismiss those claims.

Wrigley is given until July 6, 2006, to file a third amended complaint in accordance with this ruling. The status hearing set for June 27, 2006, is stricken and is reset to August 2, 2006, at 9:00 a.m.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 26, 2006